# EXHIBIT I



REC'D CLS DOCKETING
RECEIVED IN CRIMINAL DOCKETING.

## COURT OF APPEAL - FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

F I L E D
Stephan M. Kelly, Clerk

MAY 2 9 2007

Court of Appeal Fourth District

In re JOSE FLORES

on

Habeas Corpus.

D050470

(San Diego County
Super. Ct. No. CR140788)

THE COURT:

The petition for writ of habeas corpus has been read and considered by Presiding Justice McConnell, and Associate Justices McIntyre and O'Rourke.

A jury convicted petitioner Jose Flores of kidnapping for ransom and possession of a firearm by a felon. The trial court sentenced him to life in prison with the possibility of parole.

Flores contends the Board of Parole Hearings (Board) based its decision almost entirely on the unchanging circumstances of the commitment offense. In addition, Flores states in a declaration that he was not involved in the initial planning stages of the kidnapping and was not involved in the actual kidnapping of the victim. He claims he should not be denied parole because his role in the kidnapping is not as serious as what the Board previously believed to be true.

Further, while in prison Flores completed his GED and obtained two vocational certifications. He also has an exemplary disciplinary record and is a regular participant and leader in self-help programs. Upon parole, he expects to be deported to Mexico, where he plans to live with family until he earns enough money to start a welding business. A mental health evaluation rates Flores with having violence potential as less than the average citizen in the community.

The Board must grant parole unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction (Pen. Code § 3041, subd. (b).) "[P]arole applicants in this state have an expectation that they will be granted parole unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation." (*In re Rosenkrantz*, (2002) 29 Cal.4th 616, 653.)

"[T]he judicial branch is authorized to review the factual basis of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statue and regulation." (*Id.* at p. 658.) "Only a modicum of evidence is required." (*Id.* at p. 677.) "It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole." (*Ibid.*)

At the hearing, the Board properly considered Flores's underlying commitment offense, finding it was committed in an especially cruel manner. (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1).) The victim in this case was threatened and kidnapped from her home. For about eight days, Flores and the other kidnappers held the victim for ransom at hotels in Los Angeles and Tijuana and Flores used a loaded weapon while doing so and threatened to harm the victim if the ransom was not paid. The motive of the crime was some economic gain Flores hoped to gain from the kidnapping.

The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole, so long as the Board does not fail to consider all other relevant factors. (*In re Ramirez* (2001) 94 Cal.App.4th 549, 569.) The Board must make a case-by-case ruling on parole suitability within the proportionality contemplated in section 3041, subdivision (c). (*In re Rosenkrantz, supra,* 29 Cal.4th at p. 683.)

The facts of Flores's crime are some evidence to support the Board's finding that the kidnapping was cruel and continued for a number of days. Further, Flores had admitted he was armed in the presence of the victim. The Board commended Flores for remaining discipline free for many years and acquiring various job skills. The Board, however, appeared to have concerns regarding the certainty of Flores's plans for his future, including living arrangements, employment plans and support plans. There is some evidence in the record to support the Board's finding Flores is unsuitable for parole and the California Supreme Court has determined the "some evidence" standard is the appropriate standard of review for a parole board's decision. (*In re Rosenkrantz, supra,* 29 Cal.4th at p. 683.)

The petition is denied.

McCONNELL, P. J.

Copies to:  All parties

2007 MAY 29 PM 3:47

SAN DIEGO
ATTORNEY GENERAL

2